Shaw C. J.
delivered the opinion of the Court. The leading fact upon which the argument has proceeded in the present case is, that upon the non-payment of the note by the promisor, upon due presentment, the defendant was duly and seasonably notified ; but it does not appear that any notice was given to the plaintiff, a more remote indorser.
The 'case has been argued on the part of the defendant as if the only ground of the plaintiff’s claim was for money paid. Undoubtedly when an indorser or other party standing in nature of a surety pays a debt, the legal liability under which he *324 is, to pay, is evidence of a request implied by law, on the part °f the principal, and will support an averment that it was paid at the request of the principal. Were this the only ground upon which the plaintiff can claim, there would be much force in the defendant’s argument, that without showing himself legally liable, the plaintiff would appear to have been a volunteer, and would be met by the rule of law, that one cannot by his own voluntary act, make himself the creditor of another and entitle himself to recover.
But here the plaintiff claims as indorsee and holder of the note, and insists upon his title to recover in that character.
It is objected, as a preliminary point, that there is no count on the note, and that the plaintiff is not entitled to recover, as indorsee, on the money counts. It is contended on the other side, however, that this point is not open, upon the report, and cannot now be raised ; and upon reference to die report, we are strongly inclined to the opinion that it is not. It appears that upon certain evidence being given, and an opinion expressed thereon, for the purpose of bringing the question before the whole Court, the plaintiff became nonsuit, by consent, upon an agreemej it, that if ‘upon those facts he was entitled to recover, the nonsuit should be taken off, and a default entered. When a question of law is raised in this mode, we believe the general understanding of the Court and counsel is, that all questions of form are waived, unless expressly reserved ; and that the question whether a plaintiff, upon a given state of facts, is entitled to recover, is by a liberal construction understood to mean, whether he can recover in any legal form of declai> ing. This is a most liberal and beneficial mode of proceeding, adopted for the convenience of all parties, to obtain a speedy decision upon the law of the case, and ought not to be trammelled by technical niceties. In this case, the state of the record before the nonsuit, was quite sufficient to warrant the filing of a special count by the plaintiff, for the same cause of action, had his case been such as to need it; and it cannot be supposed,, and ought not hastily to be concluded, that he intended to relinquish this advantage, by consenting to a summary proceeding, intended to reach at once the merits of the case.
*325 But we are all of opinion, that no such amendment, and no special count on the note, were necessary in the present case, and that the plaintiff is entitled to recover as indorsee, upon the count for money had and received.
To maintain assumpsit, there must be a privity between the parties, but it may be a privity in fact, or in law. As between each party to a bill of exchange or negotiable promissory note, and every other party, there is a sufficient privity in law ; and as such negotiable contract is presumed to be a cash transaction, and as a money consideration is presumed to pass at the making and at each indorsement of the instrument, each party liable to pay is held responsible, as for so much money had and received to the use of the party who is, for the time, the holder and entitled to recover. State Bank v. Hurd, 12 Mass. R. 172.[1]
Besides, the intermediate indorsement between the plaintiff and the defendant, on this note, was a blank indorsement; and it is well settled that in such case, the holder may strike out the blank indorsement and so fill up the defendant’s indorsement, as to make it payable immediately to the plaintiff, and thus establish a direct privity of contract between the parties, and thus constitute the legal presumption of so much money had and received by the defendant to the plaintiff’s use.
Then the question recurs, whether upon the facts shown in the report, the plaintiff is entitled to recover as indorsee ; and we think he is.
By taking up the note he became the bond fide holder and proprietor of the note. A party who has indorsed a note, and at maturity has taken it up, may declare as indorsee of the note, striking out his own and all subsequent indorsements, in the same manner as if he had never indorsed it. He is restored to his original title, under which he had it before he indorsed it. Emerson v. Cutts, 12 Mass. R. 78.
Then as between him and a prior party, what would it be necessary for him to prove ? Certainly not notice of the dis *326 honor, to himself. It would be sufficient to prove what was Proved here, a presentment to the promisor by one authorized to receive the money, a refusal of payment by the promisor, and seasonable notice thereof to the defendant as indorser Notice in such case from the bank, being the holder at the time, would enure to the benefit of all parties.
We have used the expression “ taking up the note,” to avoid any inference to be drawn from the use of the term u payment.” And it was urged that, whatever the plaintiff might have done, he did in fact pay the note and not purchase it. But we think no inference can be drawn from this distinction, applicable to the present case. There are some cases, no doubt, where the distinction between a payment which discharges a contract, and a purchase, which implies a continuance of it in force, is material, as in case of a mortgage. But a different rule applies to the indorser of a bill of exchange or promissory note. As between himself and the holder, it may be deemed a payment and would extinguish the contract created by that particular indorsement, but would not affect the validity of the instrument, as a subsisting security as to prior parties. As already stated, by taking up the note, the indorser is reinstated in his original title. Besides, unless the plaintiff had been duly notified, and was liable to pay the note, then in no legal sense could the money advanced by him to the bank, on taking up the note, be deemed a payment, as insisted on by the defendant; if he was legally liable as indorser, then the whole ground of the defendant’s argument fails.
In every view of the case, we are of opinion that it was not necessary for the plaintiff to show that he himself was notified on the note, or to prove it paid under a legal liability ; that by paying the amount and taking it up, he became the bond fide holder, and as such had a right to recover as indorsee ; and that in the situation in which the note appears, with blank indorsements, the plaintiff could well give it in evidence, in support of his action, upon the count for money had and received.[1]

Defendant defaulted.

 Eagle Bank v. Smith, 5 Connect. R. 71; Penn v. Flack, 3 Gill & Johns. 369, Penney v. Sanborn, 5 N. H. R. 557 ; Dana v. Underwood, 19 Pick. 99 Dimsdale v. Lanchester, 4 Esp. R. 201; Bolton v. Richard, 6 T. R. 139; Brown v. Kewley, 2 Bos. & Pull. 518.

 See Bachellor v. Priest, 12 Pick. 399